Leverett v. CSX Trans., Inc., et al
Case 2:01-cv-00155-AAA   Document 65   Filed 05/16/2005   Page 1 of 6
Doc. 65

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 03-14038

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 14, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 90-00258-CV-5 & 90-00262-CV-5

FELTON CULLEN WILLIAMS,
RICHARD L. CARTER, et al.,

Plaintiffs-Appellees,

versus

OWENS-CORNING FIBERGLAS CORPORATION, et al,

Defendants,

CSX TRANSPORTATION, INC.,

Defendant-Appellant.

No. 03-14508

D. C. Docket No. 01-00155-CV-2

JAMES LEVERETT,
Individually and as Executor of the
Estate of Gloria Leverett, Deceased,

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: Deputy Clerk
Atlanta, Georgia

Plaintiff-Appellee,

versus

CSX TRANSPORTATION INC.,
Individually and as Successor in Interest to
Seaboard Systems Railroad, Inc., The Seaboard
Coastline Railroad, The Atlantic Coastline Railroad and
The Georgia and Florida Railroad,

Defendant-Appellant,

GARLOCK, INC., et al,

Defendants.

---

Appeals from the United States District Court
for the Southern District of Georgia

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: April 14, 2005
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
MAY 1 3 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

WILLIAMS v. OWENS–CORNING FIBERGLAS CORP.    1927

Felton Cullen WILLIAMS, Plaintiffs–Appellees,

v.

OWENS–CORNING FIBERGLAS CORPORATION, et al., Defendants,

CSX Transportation, Inc., Defendant–Appellant.

James Leverett, Individually and as Executor of the Estate of Gloria Leverett, Deceased, Plaintiff–Appellee,

v.

CSX Transportation Inc., Individually and as Successor in Interest to Seaboard Systems Railroad, Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad, Defendant–Appellant,

Garlock, Inc., et al, Defendants.

Nos. 03–14038, 03–14508.

United States Court of Appeals, Eleventh Circuit.

April 14, 2005.

Appeals from the United States District Court for the Southern District of Georgia (Nos. 90-00258-CV-5, 90-00262-CV-5 and 01-00155-CV-2); Anthony A. Alaimo, Judge.

Before BLACK, RONEY and STROM*, Circuit Judges.

---

* Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

These separate interlocutory appeals, Nos. 03–14038 & 03–14508, are again before this Court after the Supreme Court of Georgia's answer to our Certified Question of State Law. Plaintiffs are relatives, or personal representatives thereof, of Defendant CSX Transportation ("CSXT") employees who allege in the diversity jurisdiction case they were exposed at locations other than CSXT work facilities, such as at home, to asbestos fibers emitted from the work clothing worn by their CSXT-employee relatives, causing them, among other things, lung diseases. The district court denied CSXT's motions for partial summary judgments on plaintiffs' negligence claims under Georgia negligence law. We reverse.

As we recently explained, "the district court held that Georgia negligence law imposed a duty of care on CSXT to its employees' family members who were exposed to that asbestos-tainted clothing." *Williams v. Owens–Corning Fiberglas Corp.*, 369 F.3d 1269, 1270 (11th Cir.2004). Because we found no published Georgia case on point, we certified the following question of Georgia law to the Supreme Court of Georgia:

> Whether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace, such as the employee's home?

369 F.3d at 1270.

The Supreme Court of Georgia has now answered our question in the negative as follows, "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact

**1928**   WILLIAMS v. OWENS-CORNING FIBERGLAS CORP.

with its employee's asbestos-tainted work clothing at locations away from the workplace." See *CSX Transp., Inc. v. Williams, et al.*, 278 Ga. 888, 608 S.E.2d 208, 210 (2005).

It was therefore error for the district court to deny CSXT's motions for partial summary judgment on the ground that CSXT owed such a duty of care. The judgment denying CSXT's motions for summary judgment are reversed and the cases are remanded to the district court for proceedings consistent with the Georgia State Law.

REVERSED AND REMANDED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22 2005
THOMAS K. KAHN
CLERK

CSX Transportation
_____ Appellant _____

vs.

James Leverett
_____ Appellee _____

Case No. 03-14508-CC

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | x | 32 | ~~20~~ 11 | ~~640~~ 352 | ~~160.00~~ | $ 88.00 |
| Record Excerpts | | x | 49 | 10 | ~~490~~ | 122.50 | $ 122.50 |
| Appellee's Brief | | | | | | | |
| Reply Brief | | x | 23 | ~~20~~ 11 | ~~460~~ 253 | 115.00 | $ 103.25 |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ 397.50 REQUESTED | $ 273.75 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: X April 20, 2005        Signature: X /s/ Mary Helen Moses

Attorney for: CSX Transportation
(Type or print name of client)

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ 273.75 against appellee

and are payable directly to appellant

Thomas K. Kahn, Clerk

Issued on: MAY 13 2005        By: /s/ D. Clark
Deputy Clerk

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

MISC-12
(Rev. 12/98)

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

May 13, 2005

**Appeal Number: 03-14508-CC**
Case Style: James Leverett v. CSX Transportation Inc.
District Court Number: 01-00155 CV-2

TO:   Scott L. Poff

CC:   Randall Athley Jordan

CC:   Mary Helen Moses

CC:   Roger B. Lane

CC:   Administrative File